UNITED STATES of America

v.

**$67,775.00 IN U.S. CURRENCY.**

**Civil Action No. WMN–10–3410.**

United States District Court,
D. Maryland.

Jan. 11, 2012.

Stefan Dante Cassella, Rod J. Rosenstein, Office of the United States Attorney, Baltimore, MD, for United States of America.

Isaac Klein, Law Office of Isaac Klein, Baltimore, MD, for $67,775.00 in U.S. Currency.

### *MEMORANDUM AND ORDER*

WILLIAM M. NICKERSON, Senior District Judge.

The Government filed a verified complaint for forfeiture of the defendant property on December 3, 2010. In response, Claimants Fillipe James and Joseph Wilson filed a "verified claim" on January 6, 2011, but mislabeled it as an "answer." After the Court granted the United States' unopposed motion to strike that "answer", Claimants moved for reconsideration of that decision. The Court granted that motion for reconsideration.

The Government then filed a "Motion to Compel Claimant(s) to Perfect Their Claim and to Provide a More Definite Answer." ECF No. 18. The Government argued that, even if the Claimants' January 6, 2011, document was deemed a verified claim, it was not in proper form and did not comport with the requirements of Rule G(5)(a). Among the deficiencies identified by the Government were the following: (1) it purported to be filed by Fillipe James and Joseph Wilson but failed to identify which of them was the claimant; (2) while both James and Wilson were identified as claimants, only Wilson submitted a sworn affidavit in support of the claim; and (3) Wilson's affidavit actually identified Lynchburg Imports, Inc. as the owner of the defendant property, suggesting that neither Wilson nor James had standing to contest the forfeiture. The Government also challenged the sufficiency of Claimants' subsequently filed Answer, noting that Claimants simply asserted a blanket denial of the factual basis for the forfeiture complaint. The Government contended, and the Court concurs, that Supplemental Rule G(5)(b) and Rule 8(b) of the Federal Rules of Civil Procedure require that Claimants specifically admit or deny each of the enumerated factual allegations in the verified complaint.

As previously noted by this Court, Claimants, instead of opposing the Government's motion, simply re-filed the same deficient answer supported by the same deficient affidavit. *See* Nov. 28, 2011, Letter Order. Accordingly, the Court granted the Government's motion to compel and ordered Claimants to file, within 14 days of the date of that Letter Order, "a verified claim and an answer that fully comply with the requirements of Supplemental Rule G and Rule 8(b) of the Federal Rules of Civil Procedure." *Id.*

On December 8, 2011, Claimants filed what they called an "Amended Answer to Complaint for Forfeiture and Verified Claim." ECF No. 24. The affidavit filed with the "Amended Answer," however, is identical to the affidavit filed by Claimants on November 2, 2011. More significantly, the Amended Answer asserts the exact same blanket deni-

al of the allegations in the Complaint that this Court previously found insufficient. The day after Claimants filed their "Amended Answer," the Government filed a "Motion for Order Finding that the Allegations in the Verified Complaint Are Admitted." ECF No. 26. Claimants have not opposed that motion and the time for doing so has expired.[1]

The Court now finds that, after multiple opportunities, Claimants have neither satisfied the demands of the Federal Rules nor appropriately responded to this Court's previous order. As Claimants have been reminded on several occasions, the Government's Verified Complaint incorporated by reference the Declaration of DEA Task Force Officer Christopher Lamb, which included 52 enumerated paragraphs detailing his allegations related to the seizure of the defendant property. Many of those allegations are not allegations that could be denied by Claimants. For example, Lamb reported that James stated that the money belongs to his boss and that it was to be used to purchase vehicles at the Manheim Auto Auction. Lamb Decl. ¶¶ dd. and ee. That is precisely Claimants' current assertion. Other allegations are simply recitations of generally undisputable facts regarding the traffic stop, such as who was in the vehicle when it was stopped and that the defendant property was found in the vehicle. Nevertheless, Claimants proffer a blanket denial of all of these allegations.

Rule 8 of the Federal Rules of Civil Procedure unambiguously applies in civil forfeiture proceedings, pursuant to Supplemental Rule G(1). *See United States v. $41,580.00 in U.S. Currency,* 253 Fed.Appx. 880, 881–82 (11th Cir.2007) (imposing Rule 8 pleading requirements on claimant in civil forfeiture action). Rule 8(b)(1)(B) states that a party responding to a pleading must "admit or deny the allegations asserted against it by an opposing party." Rule 8(b)(2) provides that "[a] denial must fairly respond to the substance of the allegation." Furthermore, Rule 8(b)(6) states that "[a]n allegation . . . is admitted if a responsive pleading is required and the allegation is not denied."

---

1. After the time for opposing the motion for order finding allegations admitted expired, the Government filed a Motion for Ruling on Pending Motion by Default. ECF No. 28. That motion has been pending for a week without response.

Where claimants fail to abide by the requirements of Rule 8, Courts have held that the allegations in the Government's Verified Complaint are deemed admitted. As in the instant case, the claimant in *$41,580.00 in U.S. Currency* asserted that the cash seized by the police was intended for a legitimate business purpose but, in his answer, failed to specifically deny the allegations in the Government's complaint. The district court deemed those allegations admitted and granted the Government judgment on the pleadings. The Court of Appeals for the Eleventh Circuit concurred and affirmed that decision. 253 Fed.Appx. at 881–82; *see also, United States v. Vehicle 2007 Mack 600 Dump Truck,* 680 F.Supp.2d 816 (E.D.Mich. 2010).

Despite multiple opportunities, Claimants have failed to comply with their obligations under the Federal Rules and this Court's order. Accordingly, IT IS this 11th day of January, 2012, by the United States District Court for the District of Maryland, OR-DERED:

(1) That the Government's Motion for Order Finding that the Allegations in the Verified Complaint Are Admitted, ECF No. 26, is GRANTED;

(2) That all 52 allegations in the Declaration of Officer Lamb that were incorporated in the Verified Complaint are admitted for purposes of this litigation; and

(3) That the Clerk of the Court shall transmit this Memorandum and Order to all counsel of record.